FILED ☒    LODGED ___
RECEIVED ___    COPY ___

JUN 1 0 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

JOHN S. LEONARDO
United States Attorney
District of Arizona
D. J. PASHAYAN
Assistant U.S. Attorney
Ohio Bar No. 0071260
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: don.pashayan@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>1. Christopher McCarty, and<br>   (Counts 1-3)<br><br>2. Matthew White,<br>   (Counts 1-3)<br><br>Defendants. | CR-15-617-PHX-JZB<br><br>**INFORMATION**<br><br>VIO:<br><br>18 U.S.C. § 371<br>(Conspiracy to Commit an Offense against the United States)<br>Count 1<br><br>21 U.S.C. §§ 331(a) and 333(a)(1)<br>(Delivery or Introduction of Misbranded Drugs into Interstate Commerce)<br>Counts 2-3<br><br>18 U.S.C. § 2<br>(Aid and Abet)<br>Counts 2-3 |

**THE UNITED STATES ATTORNEY CHARGES:**

<u>COUNT 1</u>

<u>The Mislabeling Conspiracy</u>

<u>Introduction:</u>

At times material to this Information:

1.     The United States Food and Drug Administration (FDA) is the federal

1

agency within the United States Department of Health and Human Services (DHHS) charged with the responsibility for protecting the health and safety of the American public by ensuring that drugs were safe and effective and properly labeled for their intended uses before they could be legally marketed in interstate commerce. In order to legally market a drug in interstate commerce, the drug's manufacturer and re-packager were required to comply with all applicable provisions of the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 321, *et seq.*, and its implementing regulations.

2. The FDCA prohibits the introduction, or delivery for introduction, into interstate commerce of misbranded drugs. 21U.S.C. §§ 331(a) and 331(b).

3. Under the FDCA, a drug is defined as and includes all non-food articles that are intended to affect the structure or any function of the human body. 21 U.S.C. § 321(g)(1).

4. Under the FDCA, a drug is deemed to be misbranded:

    a. If its labeling was false or misleading in any particular. 21 U.S.C. § 352 (a);

    b. If in package form, unless it bears a label containing the name and place of the manufacturer, packer, or distributor; and an accurate statement of the quantity of the contents in terms of weight, measure, or numerical count. 21 U.S.C. §§ 352(b)(1) and 352(b)(2);

    c. If it failed to bear adequate directions for its use and adequate warnings against use as are necessary for the protection of users. 21 U.S.C. §§ 352(f)(1) and 352(f)(2);

    d. If it is a drug and its container is so made, formed, or filled as to be misleading. 21 U.S.C. § 352(i)(1); or

    e. If it is an imitation of another drug. 21 U.S.C. § 352 (i)(2).

5. The synthetic cannabinoid AM-2201 was part of a mixture or substance

marketed under several brand names including: "Legal Devil," "Handy," and "Crazy Ape." These mixtures or substances were "designer drug" or "spice" products that were intended to affect the structure or any function of the human body like a scheduled controlled substance. Because "Legal Devil," "Handy," and "Crazy Ape" contained this synthetic cannabinoid, they were drugs within the meaning of the FDCA 21 U.S.C. §§ 321(g)(1)(C) and (D).

6.  "Legal Devil," "Handy," and "Crazy Ape" were intended for human consumption, but were nonetheless falsely and fictitiously labeled, marketed, described, delivered, and sold as "not for human consumption;" as an innocuous household product, like potpourri; did not bear adequate directions for use; and did not bear an accurate statement of its respective contents.

7.  Defendants, CHRISTOPHER MCCARTY and MATTHEW WHITE owned, operated, managed, and were otherwise employed at Grand Canyon Distributing in Phoenix, Arizona.

8.  Grand Canyon Distributing manufactured and distributed for profit "Legal Devil," "Handy," and "Crazy Ape" to smoke-shops and re-distributors in Arizona and across the United States.

### The Conspiracy

Between in or about early 2011 through on or about July 25, 2012, in the District of Arizona and elsewhere, the defendants, CHRISTOPHER MCCARTY, MATTHEW WHITE, and others, both known and unknown, did knowingly and intentionally conspire to commit the following offense against the United States:

1. did introduce or deliver for introduction into interstate commerce drugs, namely, "Legal Devil," "Handy," and "Crazy Ape," which contained AM-2201 and other substances, that were misbranded;

in violation of Title 21, United States Code, Sections 331(a) and 333(a)(1).

## Manner and Means

The manner and means by which this conspiracy was carried out included, but were not limited to, the following:

1. It was part of the conspiracy that defendant MCCARTY and defendant WHITE owned and operated Grand Canyon Distributing and employed other individuals there.

2. It was further part of the conspiracy that defendant MCCARTY, defendant WHITE, and others manufactured and distributed "designer drug" and "spice" products, to include "Legal Devil," "Handy," and "Crazy Ape."

3. It was further part of the conspiracy that defendant MCCARTY, defendant WHITE, and others intended for individuals to consume "Legal Devil," "Handy," and "Crazy Ape."

4. It was further part of the conspiracy that defendant MCCARTY, defendant WHITE, and others knew and intended for "Legal Devil," "Handy," and "Crazy Ape" to produce a stimulant, "high," or effect on the human body like a scheduled controlled substance.

5. It was further part of the conspiracy that defendant MCCARTY, defendant WHITE, and others knew that "Legal Devil," "Handy," and "Crazy Ape" were intended for human consumption, but nonetheless falsely and fictitiously labeled, marketed, described, distributed, and sold these products as not being intended for human consumption, or as an innocuous household products, in order to unlawfully circumvent federal law and avoid prosecution.

6. It was further part of the conspiracy that defendant MCCARTY, defendant WHITE, and others caused the packaging on "Legal Devil," "Handy," and "Crazy Ape" to be misbranded because the labeling on the packages: (a) was false or misleading as to the products' intended purpose; (b) failed to bear a label containing the name and place of Grand Canyon Distributing, and failed to be an accurate statement of the quantity of the products contents in terms of weight, measure, or numerical count; (c) failed to bear

adequate directions for its use and adequate warnings against use as necessary for the protection of users; (d) was made, formed, or filled so as to be misleading; and (e) because the products were an imitation of a scheduled controlled substances.

7. It was further part of the conspiracy that defendant MCCARTY, defendant WHITE, and others utilized AM-2201 and other substances in these misbranded drugs.

8. It was further part of the conspiracy that defendant MCCARTY, defendant WHITE, and others ordered and imported AM-220 and other substances from chemical suppliers, to include chemical suppliers that were overseas.

### Overt Acts

In furtherance of the conspiracy and in order to effect the objects thereof, defendant MCCARTY, defendant WHITE, and others performed the following overt acts, among others, in the District of Arizona and elsewhere:

1. Prior to January of 2011, defendant MCCARTY and defendant WHITE created Grand Canyon Distributing and filed paperwork with the Arizona Corporation Commission.

2. In or about early 2011, two individuals (JF and AS) began to supply defendant MCCARTY, defendant WHITE, and others with quantities of a "designer drug" or "spice" product, to include "Handy."

3. In or about early 2011, defendant MCCARTY, defendant WHITE, and others discussed, in substance, the federal Controlled Substance Analogue Act and discussed that prosecution could be avoided by falsely and fictitiously mislabeling "designer drug" and "spice" products, like "Handy" and "Legal Devil," as "not for human consumption."

4. On or about February 24, 2011, AS sent defendant MCCARTY and defendant WHITE an email about the "illegality" of "spice."

5. On or about April 5, 2011, a chemical supplier advised defendant MCCARTY that AM-2201 was similar in chemical structure to JWH-018, a Schedule I Controlled substance.

6. In or about October of 2011, defendant MCCARTY, defendant WHITE, and

others distributed and sold quantities of "Legal Devil," which contained AM-2201, to an individual in Illinois.

7. On or about November 15, 2011, defendant WHITE placed an order for "designer drug" or "spice" labels that falsely and fictitiously stated that these products were "not intended for human consumption," failed to bear directions for use and a list of ingredients, and failed to indicate where these products were manufactured or distributed.

8. In or about March of 2012, defendant MCCARTY, defendant WHITE, and others distributed and sold quantities of "Handy" and "Legal Devil, which contained AM-2201, to an individual in Maryland.

9. On or about October 18, 2011, defendant WHITE ordered a quantity of AM-2201 from an overseas chemical supplier.

10. On or about July 25, 2012, defendant MCCARTY, defendant WHITE, AS, and others learned, became aware, and discussed, in substance, that the Drug Enforcement Administration conducted a series of search warrants across the United States and arrested individuals for distributing "designer drugs."

11. On or about July 25, 2012, defendant MCCARTY, defendant WHITE, and others destroyed and otherwise disposed of "designer drugs," which were in Grand Canyon Distributing's possession and intended for re-Distributing and sale.

All in violation of Title 18, United States Code, Section 371.

**The Delivery of Misbranded Drugs into Interstate Commerce**

**COUNT 2**

In or about October of 2011, in the District of Arizona and elsewhere, the defendants, CHRISTOPHER MCCARTY and MATTHEW WHITE, did introduce and deliver for introduction into interstate commerce, and did aid and abet in the introduction and delivery into interstate commerce, drugs, namely "Legal Devil," that were misbranded.

In violation of Title 21, United States Code, Sections 331(a) and 333(a)(1), and Title 18, United States Code, Section 2.

## COUNT 3

In or about March of 2012, in the District of Arizona and elsewhere, the defendants, CHRISTOPHER MCCARTY and MATTHEW WHITE, did introduce and deliver for introduction into interstate commerce, and did aid and abet in the introduction and delivery into interstate commerce, drugs, namely "Handy" and "Legal Devil," that were misbranded.

In violation of Title 21, United States Code, Sections 331(a) and 333(a)(1), and Title 18, United States Code, Section 2.

Dated this 20th day of May, 2015.

JOHN S. LEONARDO
United States Attorney
District of Arizona

D. J. PASHAYAN
Assistant U.S. Attorney